EDWIN A. LOMBARD, Judge.
] jThis appeal is from an adjudication of delinquency. After review of the facts in light of the applicable law and arguments of the parties, we find that the juvenile court judge erred in denying the juvenile’s motion to dismiss the petition charging the juvenile as a second offender pursuant to La.Rev.Stat. 14:95(C). After review of the record, we find that sufficient evidence supports an adjudication of delinquency based upon a violation of La.Rev.Stat. 14:95, illegal carrying of a weapon, amend the adjudication accordingly, and remand the matter back to the juvenile court for sentencing.

Relevant Facts and Procedural History

On Mardi Gras day, February 16, 2010, I.P., the juvenile in this case, was detained as he attempted to flee a fight that erupted in the midst of the parade route crowd in the 800 block of Canal Street. Upon stopping the juvenile, New Orleans Police Department (NOPD) Officer Paige Broi-lette, who had observed the juvenile with his hand over his waistband “as if he was trying to hold onto something” ordered the juvenile to place his hands on the window of the building (an IHOP |2restaurant) in front of him so that she could pat him down for officer safety. As he did so, Officer Broilette first heard and then saw the gun (a black and silver 9 millimeter handgun) land on the ground near the juvenile’s feet after falling out of the juvenile’s right pant leg.
Because the juvenile was sixteen at the time of the incident, the juvenile was *660 charged by delinquency petition and a hearing for continued custody was held the next day in juvenile court. In the petition, the State charged the juvenile with one count pursuant to La.Rev.Stat. 14:95, of “ILLEGAL CARRYING OF WEAPONS, 2ND OFFENSE, ... after having been adjudicated delinquent for CARRYING A CONCEALED WEAPON, A GUN, IN CASE NO. 2009313-02-DQ-B.” Defense counsel filed a motion to dismiss, arguing that juveniles cannot be charged as a second offender under La.Rev.Stat. 14:95C. This motion was denied on the merits on March 25, 2010 and that same day, at the conclusion of the hearing, the juvenile was adjudicated as delinquent in accordance with La.Rev.Stat. 14:95(C) of “Illegal Carrying of Weapons, Second Offense.” On April 22, 2010, the juvenile was placed with the Office of Juvenile Justice for a period of time not to exceed twelve months, said sentence to run concurrent with the juvenile’s commitment under active charges in another section of juvenile court. This timely appeal follows.
| ^Discussion
On appeal, the juvenile argues that a juvenile cannot be charged as second offender under La.Rev.Stat. 14:95(0 and, accordingly, it was error for the juvenile judge to deny his motion to dismiss. We agree.
La.Rev.Stat. 14:95 provides in pertinent part that “the intentional concealment of any firearm ... on one’s person” constitutes “Illegal carrying of weapons.” La. Rev.Stat. 14:95(A)(1). The juvenile in this case, however, was charged under La. Rev. Stat. 14:95(C) which provides that “[o]n a second conviction, the offender shall be imprisoned with or without hard labor for not more than five years.” Thus, the issue before the court is whether a juvenile can be validly charged under a statutory provision that requires a prior conviction as a predicate.
The State insists that the term “conviction” in La.Rev.Stat. 14:95(C) merely refers to successful prosecutions and is routinely used within the criminal justice system to refer to a juvenile adjudication. Accordingly, even though a juvenile system is civil in nature and a juvenile adjudication cannot be used to enhance a sentence for a felony committed as an adult, State v. Brown, 03-2788 (7/6/04), 879 So.2d 1276, the State asserts that a prior juvenile adjudication can be used as a basis for a subsequent juvenile adjudication because under La.Code Crim. Proc. art. 61, “the district attorney has entire charge and control over every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute.” The State argues that the distinction between the civil Ljuvenile justice system and the criminal justice system is, in reality, nonexistent because the terms have been used interchangeably in the dicta of judicial opinions.
However, the narrow issue before the court is not whether prior juvenile adjudications are relevant to subsequent juvenile adjudications but whether a juvenile can be charged under La.Rev.Stat. 14:95(C). When legislatively enacted wording is “clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit.” La.Rev.Stat. 1:4. Legislative intent is determined “by considering the law in its entirety and all other laws on the same subject matter and by placing a construction on the law that is consistent with the express terms of the law and with the obvious intent of the legislature in enacting the law.” Moss v. State, 05-1963, p. 15 (La.4/4/06), 925 So.2d 1185, 1196. “A statute must be applied and interpreted in a *661 manner that is logical and consistent with the presumed purpose and intent of the legislature.” Id. Moreover, criminal statutes must be given a narrow interpretation any ambiguity in the substantive provisions of a statute as it is written is resolved in favor of the accused and against the State. State v. Carr, 99-2209, p. 4 (La.5/6/00), 761 So.2d 1271, 1274.
The rules of statutory construction are straightforward. The distinction between an adjudication and conviction is grounded in the unique notion of the juvenile system which is purposefully noncriminal or civil in nature and purportedly focused on rehabilitation. See In re C.B., R.B., T.C., S.C., et al, 97-2783 p. 7-18 (La.3/4/98), 708 So.2d 391, 395-401 (full discussion of the philosophy underlying the Louisiana juvenile justice system). Any perceived 1 ^shortcomings in this system and its underlying rationale may not be remedied by judicially eliminating legislatively mandated distinctions between the criminal and juvenile justice systems. The Louisiana Supreme Court has explicitly stated that “[a] juvenile adjudication is not a conviction of any crime.” Brown, 03-2788, p. 20; In re C.B., p. 17. Thus, by the clear terms of the statute which requires a prior conviction, a juvenile cannot be charged with an offense under La.Rev. Stat. 14:95(C). See La.Rev.Stat. 1:3 (words shall be construed according to the common and approved usage of the language). Nor do we find persuasive the State’s argument that its discretion to bring charges in the civil juvenile justice system should be unfettered based on Article 6 of the Louisiana Code of Criminal Procedure. We do not underplay the seriousness of a juvenile being arrested for a second time carrying an illegal weapon, particularly in the midst of a Mardi Gras day crowd, but, as the State concedes, the State can bring a prior adjudication to the juvenile court’s attention in other ways, such as during the sentencing phrase.
Upon review of the record, we find that there is sufficient evidence to support an adjudication of delinquency based on a charge of illegal carrying of a weapon in violation of La.Rev.Stat. 14:95(A). See La. Code Crim. Proc. art. 815(2). Accordingly, we amend the juvenile adjudication to reflect that finding and remand the matter back to the juvenile court for sentencing on the amended adjudication.
AMENDED AND, AS AMENDED, ADJUDICATION AFFIRMED; REMANDED FOR SENTENCING.
BONIN, J., Dissents with Reasons.