67 So.3d 693 (2011)
STATE of Louisiana in the Interest of B.T.
No. 2011-CA-0155.
Court of Appeal of Louisiana, Fourth Circuit.
June 8, 2011.
Pascale Belizaire Watson, Juvenile Regional Services, Inc., New Orleans, LA, for Appellant, B.T.
Leon A. Cannizzaro, Jr., District Attorney, Alyson Graugnard, Assistant District Attorney, New Orleans, LA, for Appellee, State of Louisiana.
(Court composed of Judge JAMES F. McKAY, III, Judge MICHAEL E. KIRBY, Judge DANIEL L. DYSART).
MICHAEL E. KIRBY, Judge.
On November 4, 2010, the Orleans Parish Juvenile court adjudicated B.T.[1] delinquent as a result of having committed the crime of illegal carrying of a weapon, second conviction, a violation of La. R.S. 14:95(C). The court entered a disposition of commitment to the Department of Public Safety and Corrections for a period of time not to exceed one year, to run consecutively with a disposition rendered in an earlier case in which B.T. was also adjudicated delinquent for illegally carrying a weapon. B.T. now appeals the adjudication and disposition.
On the afternoon of June 22, 2010, Officers Ray Jones and Kareem Jefferson of the New Orleans Police Department, members of the Special Operations Division Crime Abatement Team, were dressed in plain clothes and patrolling in an unmarked car on North Villere Street. According to their testimony, they spotted B.T. and three other males walking in the street. As B.T. separated from the group and moved toward the sidewalk, Officer Jones saw him remove a handgun from his waistband underneath his shirt. Office Jones then told Officer Jefferson what he had just seen.
After Officer Jones saw B.T. remove the handgun, the officers temporarily lost sight of him when he walked between a truck and another vehicle. They regained sight of him a couple of car lengths away, as he appeared to be standing up after being in a bent over position next to a vehicle. At that point, the officers called *694 out to B.T. to stop, and placed him under arrest. B.T. did not have a weapon on his person at that time. Two of the other three males with B.T. were patted down to make sure they had no weapons, and the third male ran off when the officers approached.
After placing B.T. under arrest, Officer Jones went over to the vehicle that B.T. was near when they regained sight of him, and found a handgun on the ground near the vehicle. He rendered the gun safe, taking the rounds out of the chamber and the bullets out of the magazine.
One of the young men with B.T. on the afternoon of his arrest also testified. D.S. stated that B.T. never separated from the rest of the group as they walked on North Villere Street. D.S. also said he did not see B.T. remove a handgun from his waistband, and that B.T. did not have a gun with him that day. D.S. said the reason he knew that B.T. did not have a gun with him is because B.T. would have told him that he had a gun when D.S. told B.T. that he (D.S.) was in possession of a gun that day.
The defense presented the testimony of Ms. Felicia Parish who lives on the block where this incident occurred. Ms. Parish stated that at the time of the incident, she was inside of her house looking out of her window because she was waiting for someone who was coming to pick her up. She saw four young males walking down the street and said she did not see any of the males separate from the group and did not see any of them with a gun. As she saw the four males walking, Ms. Parish saw an unmarked police car driving the wrong way on North Villere Street, which is a one-way street. She said she then saw the four males put their hands up in the air, at which time the officers jumped out of their car and proceeded to "manhandle" them. Ms. Parish testified that she did not know B.T.
The State of Louisiana filed a petition requesting that B.T. be adjudicated delinquent for violating La. R.S. 14:95(C), relative to illegal carrying of a weapon, second offense, after having been previously adjudicated delinquent for illegal carrying of a weapon in Case No.2010-041-01-DQ-F on March 25, 2010. B.T. filed a motion to quash, arguing that juveniles cannot be charged as second offenders under La. R.S. 14:95(C). The trial court denied the motion to quash, and proceeded to the adjudication hearing. At the conclusion of the hearing, the trial court found that the State proved its case and adjudicated B.T. delinquent as charged.
On appeal, B.T. argues in his sole assignment of error that the trial court erred in denying his motion to quash. We find that B.T.'s argument has merit.
La. R.S. 14:95(A)(1) provides, in pertinent part, that "the intentional concealment of any firearm . . . on one's person" constitutes the illegal carrying of a weapon. La. R.S. 14:95(C) states that "[o]n a second conviction, the offender shall be imprisoned with or without hard labor for not more than five years." In the recent decision of State of Louisiana in the Interest of I.P., 2010-0882 (La.App. 4 Cir. 12/8/10), 53 So.3d 658, writ denied, 2011-0066 (La.5/20/11), 63 So.3d 973, this Court concluded that by the clear terms of La. R.S. 14:95(C), which requires a prior conviction, a juvenile cannot be charged with an offense under that statute. In reaching this conclusion, this Court cited the Louisiana Supreme Court case of State v. Brown, 2003-2788, p. 20 (La.7/6/04), 879 So.2d 1276, 1289, which stated that "[a] juvenile adjudication is not a conviction of any crime."
In this case, B.T. was improperly charged under La. R.S. 14:95(C). While he has a prior adjudication as delinquent based on the illegal carrying of a weapon, he does not have a prior conviction as *695 required under La. R.S. 14:95(C). For the reasons set forth in State of Louisiana in the Interest of I.P., supra, we find that the trial court erred in denying B.T.'s motion to quash the charge against him of the violation of La. R.S. 14:95(C).
Although the charge of a violation of La. R.S. 14:95(C) against B.T. was improper, we find that there is sufficient evidence in the record to support an adjudication of delinquency based on a charge of illegal carrying of a weapon in violation of La. R.S. 14:95(A). See La.C.Cr.P. article 815(2). Accordingly, we amend the adjudication of delinquency to reflect that finding, and remand this matter to the Juvenile Court for resentencing on the amended adjudication.
AMENDED, AND AS AMENDED, AFFIRMED; REMANDED FOR RESENTENCING
NOTES
[1] Pursuant to Rules 5-1 and 5-2 of the Uniform RulesCourts of Appeal, the initials of the juveniles involved in this matter will be used instead of their names.